**PELTON GRAHAM LLC**
Brent E. Pelton (BP 1055)
Taylor B. Graham (TG 9607)
111 Broadway, Suite 1503
New York, NY 10006
Telephone: (212) 385-9700
www.peltongraham.com

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ERICKSON TORRES ALFARO,** **Individually and on Behalf of All Others Similarly Situated,** <br><br> **Plaintiff,** <br><br> -against- <br><br> **2720 CHURCH GROCERY CORP., 4121 CHURCH MEAT CORP., d/b/a SHOP FAIR SUPERMARKETS, WFS BROTHERS REALTY LLC, BEST BROTHERS REALTY, LLC, WALID SHEHADED, DAVID SHEHADED, FARID SHEHADED, and MOHAMMED SHEHADED, Jointly and Severally,** <br><br> **Defendants.** | **CLASS & COLLECTIVE** <br> **ACTION COMPLAINT** <br><br><br> **Jury Trial Demanded** |

Plaintiff Erickson Torres Alfaro (the "Plaintiff"), individually and on behalf of all others

similarly situated, as class representative, upon personal knowledge as to himself and upon

information and belief as to other matters, alleges as follows:

1

## NATURE OF THE ACTION

1.    Plaintiff is a former supermarket employee at two (2) of Defendants' supermarkets located in Brooklyn, New York.  For his work, during the relevant time period, Plaintiff was not paid minimum wages for all hours worked and was not paid overtime premiums for hours worked over forty (40) in a given workweek.

2.    Plaintiff brings this action to recover unpaid minimum wages and overtime premium pay owed to him pursuant to both the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and the New York Labor Law ("NYLL"), §§ 650 *et seq.* Plaintiff also brings claims for unpaid spread-of-hours premiums and for failure to provide proper wage notices and wage statements pursuant to NYLL §§ 190 *et seq.* and the supporting regulations.

3.    Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated employees of Defendants and his NYLL claims on behalf of himself and a Federal Rule of Civil Procedure 23 class of all non-management employees working for Defendants in New York.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§

2

2201 and 2202.

## THE PARTIES

**Plaintiff:**

7.    Plaintiff Erickson Torres Alfaro ("Torres") was, at all relevant times, an adult individual residing in Kings County, New York.

8.    Throughout the relevant time period, Plaintiff performed work for Defendants at two (2) of their supermarkets located at 2720 Church Avenue, Brooklyn, New York 11226 and 4121 Church Avenue, Brooklyn, New York 11203.

9.    Plaintiff consents in writing to be party to this action, pursuant to 29 U.S.C. § 216(b), and his consent form is attached hereto.

**Defendants:**

10.    2720 Church Grocery Corp. is an active New York Corporation doing business as "Shop Fair Supermarket" with its principal place of business at 2720 Church Avenue, Brooklyn, New York 11226, and DOS process address at 50 Brunswick Woods Drive, East Brunswick, New Jersey 08816.

11.    4121 Church Meat Corp. is an active New York Corporation doing business as "Shop Fair Supermarket" with its principal place of business at 4121 Church Avenue, Brooklyn, New York, and DOS process address at 2720 Church Avenue, Brooklyn, New York 11226.

12.    WFS Brothers Realty LLC, is an active New York Corporation doing business as "Shop Fair Supermarket" with its principal place of business at 2720 Church Avenue, Brooklyn, New York 11226.

13.    Best Brothers Realty, LLC is an active New York Corporation doing business as

3

"Shop Fair Supermarket" with its principal place of business at 4121 Church Avenue, Brooklyn, New York, and DOS process address at 2720 Church Avenue, Brooklyn, New York 11226.

14.     The corporate entities listed in paragraphs 10, 11, 12, and 13 are hereinafter referred to collectively as "Shop Fair Supermarkets" or the "Corporate Defendants."

15.     The Corporate Defendants' operations are interrelated and unified.

16.     The Corporate Defendants are commonly owned, operated and managed utilizing the same personnel, practices and policies and they constitute a single integrated enterprise.

17.     The Corporate Defendants are joint employers of Plaintiff and the Collective Action Members/Class Members.

18.     Upon information and belief, Defendant Walid Shehaded ("W. Shehaded") is an owner and operator of the Corporate Defendants.

19.     Upon information and belief, Defendant David Shehaded ("D. Shehaded") is an owner and operator of the Corporate Defendants.

20.     Upon information and belief, Defendant Farid Shehaded ("F. Shehaded") is an owner and operator of the Corporate Defendants.

21.     Upon information and belief, Defendant Mohammed Shehaded ("M. Shehaded") is an owner and operator of the Corporate Defendants.

22.     Defendants W. Shehaded, D. Shehaded, F. Shehaded, and M. Shehaded, are hereinafter referred to collectively as the "Individual Defendants" and, together with the Corporate Defendants, the "Defendants."

23.     The Individual Defendants maintained operational control over the Corporate Defendants and jointly managed Shop Fair Supermarkets by determining the wages and

4

compensation of employees, establishing the schedule of employees, maintaining employee records, and through possessing the authority to hire and fire employees, including Plaintiff.

24.    The Individual Defendants jointly employed Plaintiff, and all similarly situated employees, by acting in the interest of each other with respect to the employees, paying the employees by the same methods, and sharing control over the employees.

25.    The Individual Defendants participated in the day-to-day operations of the Corporate Defendants and acted intentionally in their direction and control of Plaintiff and the Defendants' other similarly situated employees, and are each "employers" pursuant to the FLSA, 29 U.S.C. § 203(d), 29 C.F.R. § 791.2, as well as the NYLL § 2 and the regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

26.    At all relevant times, Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

27.    At all relevant times, Defendants employed, and/or continue to jointly employ, Plaintiff and each of the Collective Action members within the meaning of the FLSA.

28.    At all relevant times, Plaintiff, the opt-in plaintiffs and the Class Members were employed by Defendants within the meaning of the NYLL, §§ 2 and 651.

29.    Upon information and belief, at all relevant times, the Corporate Defendants have had gross revenues in excess of $500,000.00.

## FLSA COLLECTIVE ACTION ALLEGATIONS

30.    Pursuant to 29 U.S.C. §§ 206, 207 & 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following

collective:

> All persons employed by Defendants at any time since February 6, 2016 and through the entry of judgment in this case (the "Collective Action Period") who worked as non-management employees at Shop Fair Supermarkets located at 2720 Church Avenue, Brooklyn, New York and/or 4121 Church Avenue, Brooklyn, New York (the "Collective Action Members").

31.     A collective action is appropriate in this circumstance because Plaintiff and the Collective Action Members are similarly situated, in that they were all subjected to Defendants' illegal policies of failing to pay minimum wage for all hours worked and failing to pay overtime premiums for work performed in excess of forty (40) hours each week. As a result of these policies, Plaintiff and the Collective Action Members did not receive the legally-required minimum wages for all hours worked and overtime premium payments for all hours worked in excess of forty (40) hours per week.

32.     Plaintiff and the Collective Action Members have substantially similar job duties and are paid pursuant to a similar, if not the same, payment structure.

## RULE 23 CLASS ACTION ALLEGATIONS

33.     Pursuant to the NYLL, Plaintiff brings his Third through Seventh Causes of Action under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and the following class:

> All persons employed by Defendants at any time since February 6, 2013 and through the entry of judgment in this case (the "Class Period") who worked as non-management employees at Shop Fair Supermarket located at 2720 Church Avenue, Brooklyn, New York and/or 4121 Church Avenue, Brooklyn, New York (the "Class Members").

34.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. For purposes of notice and other

purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

35.    The Class Members are so numerous that joinder of all members is impracticable.

36.    Upon information and belief, there are in excess of forty (40) Class Members.

37.    The questions of law and fact common to the Class predominate over any questions solely affecting the individual members of the Class. These common questions include, but are not limited to:

    a.    whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

    b.    whether Defendants failed to keep true and accurate time records for all hours worked by Plaintiff and the Class Members;

    c.    whether Defendants failed and/or refused to pay Plaintiff and the Class Members minimum wage for all hours worked;

    d.    whether Defendants failed and/or refused to pay Plaintiff and the Class Members overtime premiums for hours worked in excess of forty (40) hours per workweek;

    e.    whether Defendants failed to pay Plaintiff and the Class Members an extra hour of minimum wage when working shifts in excess of ten (10) hours or split shifts;

    f.    whether Defendants failed to provide Plaintiff and the Class Members with a proper statement of wages with every wage payment as required by the NYLL;

    g.    whether Defendants failed to provide proper wage notice to Plaintiff and Class Members at the beginning of their employment and/or on February 1 of each

7

year as required by the NYLL;

h.  whether Defendants' failure to properly pay Plaintiff and the Class Members lacked a good faith basis; and

i.  whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory damages, liquidated damages, interest, costs and disbursements and attorneys' fees.

38.    Plaintiff's claims are typical of the Class Members' claims. Plaintiff, like all Class Members, is a supermarket employee of Defendants who worked for Defendants pursuant to their corporate policies. Plaintiff, like all Class Members, was, *inter alia*, paid less than the statutory minimum wage for all hours worked, was not paid overtime premium pay for hours worked over forty (40) hours in a given workweek, was not paid spread-of-hours premiums when working a shift of ten (10) or more hours and/or a split shift, did not receive proper wage statements and wage notices. If Defendants are liable to Plaintiff for the claims enumerated in this Complaint, they are also liable to all Class Members.

39.    Plaintiff and his Counsel will fairly and adequately represent the Class. There are no conflicts between Plaintiff and the Class Members, and Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely out of a desire to recover his own damages.

40.    Plaintiff's counsel are experienced class action litigators who are well-prepared to represent the interests of the Class Members.

41.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.

42.    Defendants are sophisticated parties with substantial resources. The individual

8

plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

43.    The individual members of the Class have no interest or capacity to bring separate actions; Plaintiff is unaware of any other litigation concerning this controversy; it is desirable to concentrate the litigation in one case; and there are no likely difficulties that will arise in managing the class action.

## STATEMENT OF FACTS

**Shop Fair Supermarkets**

44.    Upon information and belief, during the relevant time period, Defendants have owned and operated at least five (5) supermarkets in the New York City area:

- Shop Fair Supermarket located at 3315 Avenue H, Brooklyn, New York 11210;

- Shop Fair Supermarket located at 4121 Church Avenue, Brooklyn, New York 11203;

- Shop Fair Supermarket located at 2720 Church Avenue, Brooklyn, New York 11226;

- Olive Tree Market Place located at 1490 Clove Rd., Staten Island, New York 10301; and

- Olive Tree Market Place located at 7918 3rd Avenue, Brooklyn, New York 11209.

45.    At all times relevant, Defendants' Shop Fair Supermarkets stores operated under the umbrella of the "Shop Fair" cooperative of supermarkets, that includes at least eighteen (18) locations all around New York City. (*See* http://www.shopfairsupermarkets.com/Locations.aspx).

46.    According to their website, "*SHOP FAIR is a supermarket in NYC that serve fresh produce, international and mainstream groceries, dairy/frozen products, meat and fish that the neighborhood needs a daily basis. Our plan is to provide the freshest products to the people live*

9

*in, once considered as, 'food desert' area. While other major supermarkets chains are leaving the region because they could not make enough profit, we have opened more stores. Therefore people in the neighborhood are supplied with high-quality products at lowest prices possible."* (https://shop-fair-supermarkets.business.site/).

47.    The Individual Defendants also own and operate Olive Tree Marketplace supermarkets. According to their website, which includes an article from Progressive Grocer Magazine, dated March 2015: *"...the ebullient David Shehadeh, Olive Tree Marketplace's owner along with his five brothers and noted Olive Tree Market Place's gourmet proudly provided a tour of the store."* (http://www.olivetreemarketplace.com/article_2015-march_progrssive-grocer_store-of-the-month).

48.    According to the Shop Fair Supermarkets webpage, the operating hours of the Shop Fair Supermarkets where Plaintiff Torres rendered his services for Defendants located at 4121 Church Avenue, Brooklyn, New York 11203 and 2720 Church Avenue, Brooklyn, New York 11226, are: Monday to Saturday from 8:00 am to 9:00 pm, and Sunday from 8:00 am to 8:00 pm.

49.    Throughout the relevant time period, the Individual Defendants have operated and managed several Shop Fair Supermarket locations and other supermarkets, since in or around July 1984.

50.    Defendant 2720 Church Grocery Corp. was registered with the New York State Department of State, Division of Corporations on July 18, 1984.

51.    Defendant 4121 Church Meat Corp. was registered with the New York State Department of State, Division of Corporations on April 29, 2003.

52.    Defendant WFS Brothers Realty LLC was registered with the New York State

Department of State, Division of Corporations on October 1, 2012.

53.     Defendant Best Brothers Realty LLC was registered with the New York State Department of State, Division of Corporations on February 11, 2003.

54.     Upon information and belief, and according with New York State Department of State, Defendant W. Shehaded appears as Chief Executive Officer for 2720 Church Grocery Corp. and 4121 Church Meat Corp., and as the DOS Process contact for WFS Brothers Realty LLC and Best Brothers Realty LLC.

55.     Upon information and belief, during the relevant time period, Defendants W. Shehaded, D. Shehaded, F. Shehaded, and M. Shehaded, were a constant presence at the 2720 Church Avenue location and 4121 Church Avenue location, where they managed the operations of the supermarket and took an active role in ensuring that the grocery stores were run in accordance with their procedures and policies.

56.     Upon information and belief, at all relevant times, the Individual Defendants have had power over payroll and personnel decisions at the 2720 Church Avenue and 4121 Church Avenue Shop Fair Supermarket locations, including the power to hire and fire employees, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment.

57.     Upon information and belief, at all times relevant, the Individual Defendants, directly or through their agents and employees, operated and managed all the supermarkets they own(ed) with the same or substantially similar employment practices and policies, and through common management, ownership and financial control.

**Plaintiff's Work for Defendants**

11

58.    **Plaintiff Erickson Torres Alfaro** was employed by Defendants as a butcher, porter, and grocery employee at their 2720 Church Avenue location and the 4121 Church Avenue location from in or around December 2015 through on or about December 1, 2018 (the "Torres Employment Period").

59.    Throughout the Torres Employment Period, Plaintiff was typically scheduled to work six (6) days per week, with most Wednesdays (at the beginning of his employment period) or Thursdays (at the end of his employment period) off. If Plaintiff Torres was requested to replace an absent employee, he would add a 7th day of work during the week, which happened occasionally at the beginning of his employment period.

60.    When Plaintiff Torres worked solely at the 2720 Church Avenue location, from in or around 2015 to in or around 2017, Plaintiff generally worked with the following schedule: Mondays, Tuesdays and Thursdays, from approximately 10:00 am to approximately 7:00 pm; Fridays and Saturdays, from approximately 9:00 am to approximately 7:00 pm; and Sundays from approximately 9:00 am to approximately 4:00 pm, for a total of approximately fifty-four (54) hours per week, and sometimes more.  During this period, Plaintiff Torres was occasionally requested to cover for absent employees at the 4121 Church Avenue location.

61.    In or around the beginning of 2018, after Plaintiff Torres was already requested to work a couple of days during the week at the 4121 Church Avenue location in addition to his work days at the 2720 Church Avenue location, the butcher at the 4121 Church Avenue location suffered a serious accident at work which resulted in Plaintiff Torres being permanently transferred to the 4121 Church Avenue location, with the following schedule:  Mondays through Wednesdays, form approximately 9:00 am to approximately 5:00 pm; Thursdays off; Fridays and Saturdays, from

approximately 9:00 am to approximately 6:00 pm; and Sundays from approximately 9:00 am to approximately 4:00 pm, for a total of approximately forty-nine (49) hours per week.

62.    In or around October 2018, Defendants changed Plaintiff Torres' schedule with the following hours of work:  Mondays to Wednesdays, from approximately 8:00 am to approximately in between 5:00 pm and 5:30 pm; Fridays and Saturdays, from approximately 8:00 am to approximately 6:00 pm; and Sundays, from approximately 8:00 am to approximately 4:00 pm, for a total of approximately fifty-four (54) to fifty-five and one half (55.50) hours per week.

63.    Throughout the Torres Employment Period, Defendants always deducted one (1) hour per day from Plaintiff Torres' hours worked during the week, as a break for lunch, despite the fact that Plaintiff was rarely able to take a full one (1)-hour break.

64.    For his work, from the beginning of the Torres Employment Period until approximately the end of 2015, Plaintiff Torres was paid a purported salary of four hundred fifty dollars ($450.00) per week, regardless the number of hours worked during in a given workweek.   In or around 2016, for his work, Plaintiff Torres was paid a purported salary of four hundred seventy-five dollars ($475.00) per week, regardless the number of hours worked during the week.

65.    Given the number of hours that Torres worked each week and the low amount of his fixed salary, Torres regularly received less than the applicable minimum wage for all hours that he worked each week.

66.    From in or around 2017 until the end of the Torres Employment Period, when Plaintiff Torres worked at both the 2720 and 4121 Church Avenue store locations, Plaintiff Torres was paid thirteen dollars ($13.00) per hour, for all hours worked including those beyond forty (40)

in a given work week.

67.     As such, throughout the Torres Employment Period, Plaintiff was not paid overtime premiums of one and one-half (1.5) times his regular hourly rate for hours over forty (40) each workweek.

68.     Despite the fact that Torres regularly worked shifts in excess of ten (10) hours throughout the Torres Employment Period, Torres was not paid spread-of-hours premiums for such days.

69.     Throughout the Torres Employment Period, Plaintiff was paid weekly and received his wages entirely in cash, without a pay stub or any other wage statement that provided information about hours worked or the wage rate(s) paid during the work week. However, Torres was requested to sign a document with a number of hours worked at the different locations that was not accurate, especially due to the fact that on many occasions Defendants and managers at the supermarkets would clock him out of the timekeeping system while he was still working.

**Defendants' Unlawful Corporate Policies**

70.     Plaintiff and the Collective Action and Class Members were all paid pursuant to the same corporate policies of Defendants, including failing to pay failing to pay minimum wages, overtime premiums, and spread-of-hours premiums.

71.     Plaintiff has spoken with other employees of Defendants who were similarly paid below minimum wage for all hours worked. Defendants' failure to pay Plaintiff minimum wages for all hours worked is a corporate policy of Defendants which applies to all of their non-management employees throughout the Class Period.

72.     Plaintiff has spoken with other employees of Defendants who were similarly paid

14

a fixed salary and/or the same hourly rate for all hours worked, which did not include overtime premium compensation for hours worked in excess of forty (40) in a given workweek. Defendants' failure to pay Plaintiff overtime compensation of one and one-half (1.5) times their regular hourly rate for hours over forty (40) each week is a corporate policy of Defendants which applies to non-management employees throughout the Class Period.

73.    Defendants' failure to pay Plaintiff spread-of-hours premiums for days in which Plaintiff worked a spread of more than ten (10) hours and/or a split shift has been a corporate policy which applies to all of their non-management employees who worked more than ten (10) hours in a day and/or a split shift throughout the Class Period.

74.    Defendants' policies of paying certain employees on a "salary" basis rather than an hourly basis after January 1, 2011, violated 12 N.Y.C.R.R. § 146-2.5.

75.    Defendants have not provided Plaintiff or Class Members with wage notices at the time of hire or by February 1 of each year.

76.    Throughout the Class Period and, upon information and belief, continuing until today, Defendants have likewise employed other individuals like Plaintiff in positions that require little skill and no capital investment. Upon information and belief, such individuals were required to work for less than minimum wage and were not paid time and one-half when working in excess of forty (40) hours per week.

77.    Additionally, such individuals were not provided spread-of-hours premiums while working shifts in excess of ten (10) hours, nor were they provided with proper wage statements and wage notices at hiring, by February 1 of each year, or proper wage statements with their wage payments on a weekly basis.

15

78. Upon information and belief, throughout the Class Period and continuing until today, Defendants failed to maintain accurate and sufficient time and payroll records or provide such records to employees.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID MINIMUM WAGE**
**(Brought on Behalf of Plaintiff and the Collective Action Members)**

79. Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

80. By failing to pay minimum wage for all hours worked, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206 and 215(a)(2).

81. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

82. Defendants' failure to pay minimum wages for all hours worked caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Therefore, Plaintiff and the Collective Action Members are entitled to recover from Defendants their full unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNPAID OVERTIME
### (Brought on Behalf of Plaintiff and the Collective Action Members)

83.    Plaintiff, on behalf of himself and the Collective Action Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

84.    By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

85.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

86.    Defendants' failure to pay overtime caused Plaintiff and the Collective Action Members to suffer loss of wages and interest thereon. Plaintiff and the Collective Action Members are entitled to recover from Defendants their unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID MINIMUM WAGE
### (Brought on Behalf of Plaintiff and the Class Members)

82.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

17

83.    Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay minimum wage for all hours worked, in violation of the NYLL and regulations promulgated thereunder.

84.    Defendants' failure to pay minimum wage for all hours worked caused Plaintiff and the Class Members to suffer loss of wages and interest thereon. Plaintiff and the Class Members are entitled to recover from Defendants their unpaid minimum wages, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

**FOURTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNPAID OVERTIME**
**(Brought on Behalf of Plaintiff and the Class Members)**

85.    Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

86.    Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of 40 each week, in violation of the NYLL and regulations promulgated thereunder.

87.    Defendants' failure to pay overtime premium compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid overtime compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## FIFTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – UNPAID SPREAD-OF-HOURS PREMIUMS</u>
### (Brought on Behalf of Plaintiff and the Class Members)

88.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

89.     Defendants willfully violated Plaintiff's and the Class Members' rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where the Class Members worked either a split shift or more than ten (10) hours per day, in violation of the NYLL §§ 650, *et seq.*, and the regulations promulgated thereunder including N.Y. Comp. Code R. & Regs. tit. 12, §§ 137-1.7 (2010), 146-1.6 (2012).

90.     Defendants' failure to pay spread-of-hours compensation caused Plaintiff and the Class Members to suffer loss of wages and interest thereon.  Plaintiff and the Class Members are entitled to recover from Defendants their unpaid spread-of-hours compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursements of the action pursuant to NYLL §§ 663(1) *et seq.*

## SIXTH CAUSE OF ACTION
## <u>NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE NOTICES</u>
### (Brought on Behalf of Plaintiff and the Class Members)

91.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

92.     Defendants have willfully failed to supply Plaintiff and the Class Members notice as required by Article 6, § 195, in English or in the language identified by Plaintiff and the Class

19

Members as their primary language, containing Plaintiff's and Class Members' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay, if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer' the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

93.     Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendant fifty dollars ($50) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190, *et seq*., liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## SEVENTH CAUSE OF ACTION
## NEW YORK LABOR LAW – FAILURE TO PROVIDE WAGE STATEMENTS
### (Brought on Behalf of Plaintiff and the Class Members)

94.     Plaintiff, on behalf of himself and the Class Members, repeats and realleges each and every allegation of the preceding paragraphs hereof with the same force and effect as though fully set forth herein.

95.     Defendants have willfully failed to supply Plaintiff and Class Members with an accurate statement of wages as required by NYLL, Article 6, § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

96.    Due to Defendants' violations of the NYLL, Plaintiff and the Class Members are entitled to recover from Defendants two hundred and fifty dollars ($250) per employee for each day that the violations occurred or continue to occur, up to a maximum of five thousand dollars ($5,000) per employee, as provided for by NYLL, Article 6, §§ 190 *et seq.*, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff, on behalf of himself and all other similarly situated Collective Action Members and Class Members, respectfully requests that this Court grant the following relief:

a.    Designation of this action as a collective action on behalf of the Collective Action Members and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members;

b.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class;

21

c.    An order tolling the statute of limitations;

d.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

e.    An injunction against Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with Defendants, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f.    An award of compensatory damages as a result of Defendants' failure to pay minimum wage and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

g.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wages and overtime compensation pursuant to the FLSA and the NYLL and supporting regulations;

h.    An award of actual and liquidated damages for the non-payment of spread-of-hours pay for each split shift and/or shift worked in New York in excess of ten hours;

i.    Fifty dollars ($50.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-b;

j.    Two hundred and fifty dollars ($250.00) per Plaintiff and each of the Class Members for each day that the violations of NYLL, Article 6 § 195 occurred or continue to occur, up to a maximum of five thousand dollars ($5,000.00) per

Plaintiff and each of the Class Members as provided for by NYLL, Article 6 § 198(1)-d;

k.    An award of prejudgment and post-judgment interest;

l.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
        February 6, 2019

Respectfully submitted,

**PELTON GRAHAM LLC**

By: _____
Brent E. Pelton (BP 1055)
pelton@peltongraham.com
Taylor B. Graham (TG 9607)
graham@peltongraham.com
111 Broadway, Suite 1503
New York, New York 10006
Telephone: (212) 385-9700
Facsimile: (212) 385-0800

*Attorneys for Plaintiff and the putative*
*FLSA Collective and Class*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of Shop Fair Supermarkets and/or their respective owners, affiliated companies, subsidiaries, contractors, directors, officers, franchisees and/or affiliates to pay me overtime wages and minimum wages as required under state and/or federal law, and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. I understand that I will be represented by Pelton Graham LLC without prepayment of costs or attorneys' fees. I understand that if plaintiffs are successful, costs expended by attorneys on my behalf will be deducted from my settlement or judgment first. I understand that my attorneys may petition the court for an award of fees and costs to be paid by defendants on my behalf. I understand that the fees retained by the attorneys will be either the amount received from the defendants or approximately 1/3 (33.33%) of my total settlement or judgment amount (including fees), whichever is greater.

_____
Signature

**Erickson Torres Alfaro**
Printed Name

## CONSENTIMIENTO PARA SER UN DEMANDANTE

Por mi firma abajo yo autorizo la presentación y tramitación de una acción legal en mi nombre y representación en contra de Shop Fair Supermarkets y sus respectivos propietarios, gerentes, oficiales, directores, sucesores, predecesores, subsidiarias y afiliados para que me sean pagados las horas extras y los salarios minimos tal como lo requieren las normas estatales y/o federales e igualmente autorizo la presentacion de este consentimiento en la acción(es) con el fin de debatir la conducta ilegal. Yo autorizo ser nombrado como **demandante representativo** en esta acción legal para tomar decisiones en nombre de otros demandantes a quienes pueda concernir el resultado de este proceso, el método y la manera en cómo debe llevarse a cabo este litigio, y la decisión de llegar a un acuerdo dentro de la causa y todo lo que concierna a los honorarios profesionales y costas del proceso y cualesquiera otras decisiones relacionadas con este litigio. Yo entiendo que estaré representado por Pelton Graham LLC sin tener que pagar por adelantado costas u honorarios de abogados. Yo entiendo que si los demandantes tienen éxito, los costos asumidos por los abogados en mi nombre serán deducidos inicialmente de la porción de mi acuerdo en una conciliación o como resultado de una sentencia en juicio. Yo entiendo que mis abogados podrán solicitar a la Corte que les sean retribuidos los honorarios y costas procesales por parte de los demandados en nombre mío. Yo entiendo que los valores de retención de los abogados podrán ser ya sea el monto recibido por parte de los demandados o el monto aproximado de 1/3 (33.33%) del total del acuerdo de conciliación o del valor obtenido a través de la sentencia (incluyendo honorarios), cual sea la suma más alta.

_____
Firma

**Erickson Torres Alfaro**
Nombre Escrito

This is a complete and accurate translation of the English "Consent to Become a Party Plaintiff" form above.